UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:10-CR-25 |
| v. | ) |
| | ) (PHILLIPS/GUYTON) |
| ANTONIO HUTCHINSON, | ) |
| TOMMY WINTON, and | ) |
| SAMANTHA PATE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 30, 2011, for a scheduled pretrial conference and motion hearing on Defendant Tommy Winton's and Defendant Samantha Pate's Motions to Continue [Docs. 33 and 34] the September 13, 2011 trial date. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorney M. Jeffrey Whitt represented Defendant Antonio Hutchinson, who was not present. Attorney Donny M. Young appeared on behalf of Defendant Tommy Winton. Attorney Paula R. Voss represented Defendant Samantha Pate. Both Defendants Winton and Pate were present at the hearing.

Defendant Winton asks to continue the trial in order to have additional time to

1

negotiate with the Government. Counsel states that he believes the continuance to be in the Defendant's best interest and that he has explained the need for the continuance to the Defendant, who has no objection. Defendant Pate echoes the reason advanced by Defendant Winton and adds that her counsel needs additional time to prepare the matter for trial properly. Defendant Pate's motion states that she understands that the time between the filing of the motion and the new trial date will be fully excludable under the Speedy Trial Act. At the hearing, Attorney Whitt stated that Defendant Hutchinson did not object to the requested continuance. The Government also did not oppose the motions to continue. The parties agreed on a new trial date of March 13, 2012.

The Court finds that the Defendants' motions to continue the trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court observes that Defendants Winton and Pate need additional time to conclude their discussions with the Government. If these discussion should prove to be unfruitful, defense counsel will also need time to interview witnesses, investigate the case, and prepare for the trial of the matter. All of this could not take place before the September 13, 2011 trial date or in less than six and one-half months. The Court finds that the failure to grant a continuance would deprive counsel of the reasonable time necessary to prepare effectively for a trial despite their due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv). The Court finds that such preparation cannot be accomplished prior to the new trial date of **March 13, 2012.**

In addition, the Court notes that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to codefendants, courts should be guided by the policies supporting the enactment of section 3161(h)(6)[1]:

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance. See id.

In the present case, Defendant Hutchinson stands indicted with Defendants Winton

---

[1] This section was formerly 18 U.S.C. § 3161(h)(7).

3

and Pate,[2] and no motion for severance has been filed.  Accordingly, delay attributable to Defendants Winton, Bertram, and Pate is presently excludable as to Defendant Hutchinson as long as it is reasonable.  See 18 U.S.C. § 3161(h)(6); see also United States v. Snelling, 961 F.2d 93, 95 (6th Cir. 1991) (holding that excludable time attributed to codefendants before the defendant was severed from the case was also attributable to the defendant).  The Court finds that the delay caused by the need for defense counsel to complete their trial preparations is reasonable.  Accordingly, this delay is also attributable to Defendant Hutchinson, who does not oppose the requested continuance.  18 U.S.C. § 3161(h)(6)

Defendant Winton's and Defendant Pate's Motions to Continue **[Docs. 33 and 34]** are **GRANTED**, and the trial of this matter is continued to **March 13, 2012**.  The Court finds that all the time between the filing of the motions on **August 26 and 29, 2011**, and the new trial date of **March 13**, **2012**, is fully excludable time under 18 U.S.C. § 3161(h)(7)(A)-(B).  With regard to other scheduling in this matter, the parties are to appear before the undersigned for a pretrial conference on **February 28, 2012, at 11:00 a.m.**  This is also the deadline for completing plea negotiations.  The Court instructs the parties that all motions *in limine* must be filed no later than **February 27, 2012**.  Special requests for jury instructions shall be submitted to the District Court no later than **March 2, 2012**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

---

[2]Defendant Shera Bertram has a signed plea agreement [Doc. 39] and is no longer proceeding to trial.

Accordingly, it is **ORDERED**:

(1) Defendant Tommy Winton's Motion to Continue [**Doc. 33**] and Defendant Samantha Pate's Motion to Continue [**Doc. 34**] are **GRANTED**;

(2) The trial of this matter is reset to commence on **March 13, 2012**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Court Judge;

(3) All time between the filing of the motions on **August 26 and 29, 2011**, and the new trial date of **March 13, 2012**, is fully excludable time for speedy trial purposes as set forth herein;

(4) The parties are to appear before the undersigned for a final pretrial conference on **February 28, 2012, at 11:00 a.m.** This date will also be the deadline for completing plea negotiations;

(5) Motions *in limine* must be filed no later than **February 27, 2012**; and

(6) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **March 2, 2012**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge